IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD LAVIN et al, | § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:09-CV-2440-P |
| BANK OF AMERICA CORP. et al, | § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Now before the Court are (1) Bank of America Corporation ("Bank of America" or "Bank"), Merrill, Lynch, Pierce, Fenner & Smith, Inc., f/k/a Banc of America Investment Services, Inc. ("Merrill Lynch"), Stephen Davis, and Brian James's Motion to Dismiss Plaintiffs' First Amended Complaint pursuant to Rules 9(b) and 12(b)(6) (Docket # 17); (2) Brianne Crump's Motion to Dismiss (Docket #s 20, 23); (3) Yulonda Neal Williams's Motion to Dismiss (Docket # 21)[1]; (4) Keith Orlin Crump's Motion to Dismiss (Docket #s 28, 32); (5) Defendant Crump's Motion to Correct Record Nunc Pro Tunc (Docket # 33); (6) Plaintiffs' Motion to Strike Keith Orlin Crump's Motion to Dismiss or in the Alternative, Response to Motion for Judgment (Docket #35); and (7) Plaintiffs' Motion to Extend Time (Docket # 41).

After careful review of the Complaint, the Parties' briefing, and the applicable law, the Court hereby (1) GRANTS the Bank Defendants' motion to dismiss Plaintiffs' RICO claim (Docket #17); (2) GRANTS Brianne Crump's Motion to Dismiss (Docket #s 20, 23); (3) GRANTS Williams's Motion to Dismiss (Docket #21); (4) GRANTS Keith Crump's motion to dismiss (Docket #28); (5)

---

[1] Yulonda Williams filed a motion to dismiss on May 21, 2010 (Docket # 21). She joins in her reply brief with Defendants Bank of America, Merrill Lynch, Davis, and James. (Docket # 36).

1

GRANTS Crump's Motion to Correct Record Nunc Pro Tunc (Docket #33); (6) DENIES Plaintiffs' Motion to Strike Keith Orlin Crump's Motion to Dismiss or in the Alternative, Response to Motion for Judgment (Docket #35) and (6) DENIES as MOOT Plaintiffs' Motion to Extend Time to serve certain defendants (Docket # 41).

## FACTS

According to Plaintiffs' First Amended Complaint ("Complaint") (Docket # 13), Defendant Keith Orlin Crump ("Crump") devised and executed a fraudulent scheme in conjunction with the Bank Defendants[2] to launder in excess of $20,000,000.00 and avoid paying millions in federal income taxes. Plaintiffs were the victims of Defendants' racketeering activities and suffered money losses, property losses, financial ruin, and bankruptcy.

Defendants' fraudulent scheme began in mid-2007. At this time, each Individual Plaintiff[3] owned and operated his or her own business. Crump offered to purchase each Plaintiff's business for an amount in the millions of dollars. During the negotiation process, Plaintiffs prepared for the sale by, *inter alia,* advancing money to Crump, working for him, making business purchases, advancing credit lines to Crump, making business commitments to others, and paying costly legal and accounting fees. While negotiating the sale of their businesses to Crump, Plaintiffs Tommy Guercio ("Guercio"), Brian Peterson ("Peterson"), and Joanne Runge ("Runge") sought confirmation from the Bank that Crump in fact had the financial wherewithal to complete the transactions.

---

[2] The Bank Defendants are comprised of the following named defendants and movants and were Bank employees during the relevant time: Stephen Davis, Brian James, Daniel E. Aguirre, Juan Espinosa, Yulanda Williams, and Bank of America Corporation ("The Bank").

[3] The Individual Plaintiffs are Richard Lavin, Simmie Cooper, Tommy Guercio, Dana C. Guercio, Joanne Runge, Brian Petersen, Robert Mikhailovich Sr., and Glen Parise. The Individual Plaintiffs are referred to herein as "Plaintiffs". The Corporate Plaintiffs are Cooper Real Estate, Tealco Properties, Ltd., Linco Properties, Ltd., Isabella Ventures, L.P., Trico Properties, Ltd., and Lucko Properties Ltd.

2

Defendants Crump, Daniel E. Aguirre ("Aguirre"), Juan Espinosa ("Espinosa"), and Yulonda Williams ("Williams") fraudulently assured these Plaintiffs that Crump was financially capable of purchasing their businesses and that Crump's checks would be honored by the Bank. They represented to these Plaintiffs that Aguirre was Crump's private banker and that Crump's accounts were handled by Bank of America's Premier Banking Division. Crump, Stephen Davis ("Davis"), Brian James ("James"), Espinosa, and Williams told certain Plaintiffs that Crump was one of Bank of America's best customers. (*See e.g.*, Compl. ¶¶ 33, 51.) Aguirre was Assistant Vice-President of Premier Banking at Bank of America. Espinosa was Assistant Vice-President and Branch Manager at Bank of America. Williams was Assistant Branch Manager and Head Teller at Bank of America. Davis was Assistant Vice-President/Client Development Manager of Business Banking for Merrill Lynch and Bank of America. James was Assistant Vice-President of Investments and Financial Advisor for Merrill Lynch and Bank of America.

In December 2007 and January 2008, Crump issued multi-million dollar checks to several Plaintiffs for the purchases of their businesses and for other repayments and expenses. Crump coordinated with these Plaintiffs regarding the deposits of their checks with the Bank. Crump instructed certain Plaintiffs to make their deposit at a particular Bank of America branch, with a particular banker, at a particular time. These Plaintiffs did as instructed and met with Espinosa and Williams to deposit the checks, at which time they assured these Plaintiffs the checks would clear by a date and or/time certain. Despite repeated assurances by Crump and Aguirre, the checks never cleared and Plaintiffs suffered great losses as a consequence thereof.

## DISCUSSION

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint when a

3

defendant shows that the plaintiff has failed to state a claim for which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal v. Ashcroft*, --- U.S. --- 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual matter contained in the complaint must allege actual facts, not legal conclusions masquerading as facts. *Id.* at 1949-50 ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'") (quoting *Twombly*, 550 U.S. at 555). Additionally, the factual allegations of a complaint must state a plausible claim for relief. *Id.* A complaint states a "plausible claim for relief" when the factual allegations contained therein infer actual misconduct on the part of the defendant, not a "mere possibility of misconduct." *Id.*; *see also Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). A court, however, is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

Plaintiffs assert that Crump and the Bank Defendants violated the Racketeer Influenced and Corrupt Organizations Act ("RICO") by engaging in a ongoing, fraud-based criminal enterprise that

4

caused Plaintiffs injuries. Typically, civil liability resulting from a violation of RICO requires the defendant to engage in a "pattern of racketeering activity." 18 U.S.C. § 1962. The Fifth Circuit requires a showing of two elements to demonstrate a "pattern of racketeering activity": "(1) predicate acts – the requisite racketeering activity, and (2) a pattern of such acts." *In re Burzynski*, 989 F.2d 733, 742 (5th Cir. 1993). "Racketeering activity" is defined as the commission of any number of state and federal offenses enumerated in Section 1961(1), such as: mail fraud, wire fraud, drug trafficking, murder, arson, gambling, bribery, extortion, or embezzlement. 18 U.S.C. § 1961(1). The United States Supreme Court has held that to prove a "pattern" of racketeering activity, a plaintiff must show that the predicate acts (1) are related and (2) amount to or pose a threat of continued criminal activity. *H.J., Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 237, 239 (1989). A plaintiff can satisfy the continuity requirement of the RICO statute by establishing the defendants engaged in either closed conduct or open-ended conduct – that is, a "closed period of repeated conduct" or "past conduct that by its nature projects into the future with a threat of repetition." *H.J., Inc.*, 492 U.S. at 241.

Plaintiffs allege "Defendants engaged in both a closed-ended and open-ended continuous pattern of racketeering activity." (Compl. ¶ 80.) The Bank Defendants move to dismiss Plaintiffs' RICO claim because, they argue, Plaintiffs have not alleged the existence of a continuous threat of criminal activity.

To demonstrate continuity over a closed period, a plaintiff must plead a series of related predicates existing over a "substantial" period of time. *Id.* at 242. "Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement: Congress was concerned in RICO with long-term criminal conduct." *Id.* The predicate acts

5

described in the Complaint occurred between July 2007 and January/February 2008. Because the time period described was brief, there was no continuity over a closed period.

However, there are cases where a RICO action is brought before continuity can be established in this way. "In such cases, liability depends on whether the *threat* of continuity is demonstrated." *Id.* (emphasis in original). Courts must examine the specific facts of each case to determine whether the predicate acts establish a threat of continued racketeering activity. *Id.*[4]

The facts as pled indicate the alleged criminal enterprise, which involved the Bank Defendants and Crump making false representations about Crump's financial stability and liquidity at the Bank, began in July 2007 and continued until January or February 2008. According to the Complaint, Crump began approaching Plaintiffs with offers to purchase their businesses and/or properties in mid-2007. Crump and the Bank Defendants encouraged Plaintiffs to open bank accounts at Bank of America. The Bank Defendants made false statements to Plaintiffs about Crump's financial stability and liquidity and falsely assured them Crump could afford the costs of the transactions. Crump issued checks to Plaintiffs on or shortly before January 2008 and as of February 2008, those checks had not been funded.

Complaint in this case was originally filed in December 2009. There are no factual allegations of any fraudulent conduct by any Defendant occurring after February 2008. Plaintiffs have not pled any facts indicating that but for the instigation of this lawsuit, Crump and the Bank Defendants would have continued victimizing these Plaintiffs or would have victimized others.

---

[4] To aid courts in their analyses, the Supreme Court has provided examples of how the "threat of continued racketeering activity" might be established. *Id.* One of its examples involved a "hoodlum" who sold "insurance" to a neighborhood's storekeepers to cover them against breakage of their windows, telling his victims he would return once a month to collect "premiums" to continue their "coverage." *Id.* "Though the number of related predicates involved may be small and they may occur close together in time, the racketeering acts themselves include a specific threat of repetition extending indefinitely into the future, and thus supply the requisite threat of continuity." *Id.*

There are no facts to suggest that Crump and the Bank Defendants collectively posed a threat of future criminal conduct. What Plaintiffs have described is a short-term scam, not long-term criminal conduct. Because Plaintiffs have not satisfied RICO's continuity requirement, their RICO claim is hereby DISMISSED as to all movant Defendants. Furthermore, because Plaintiffs have already amended their complaint in response to an earlier motion to dismiss, yet still have not adequately pled a RICO cause of action, Plaintiffs' RICO claim is hereby DISMISSED with prejudice. Finally, Plaintiff's civil RICO conspiracy claim fails and must be DISMISSED because a civil RICO conspiracy claim cannot stand absent a showing of a substantive RICO violation. *Nolen v. Nucentrix Broadband Networks Inc.*, 293 F.3d 926, 930 (5th Cir. 2002) ("'failure to plead the requisite elements of . . . a [substantive RICO] violation implicitly means that [the plaintiff] cannot plead a conspiracy to violate [the] section.'" (citation omitted)).

The Fifth Circuit has held that when the primary federal claim of a lawsuit has been dismissed, the district court "should dismiss any lingering ancillary state law claims." *Joiner v. Diamond M. Drilling Co.*, 677 F.3d 1035, 1041 (5th Cir. 1982). Here, Plaintiffs' primary federal claim – their RICO claim – has been dismissed. All remaining claims are state law claims and therefore, they are dismissed without prejudice.[5]

It is SO ordered, this __1st__ day of December 2010.

---

[5] In their Motion to Strike Defendant Keith Crump's Motion to Dismiss, or in the Alternative, Response to Motion for Judgment (Docket # 35), Plaintiffs argue because Crump filed his motion to dismiss after he filed his answer, the Court should treat his 12(b)(6) motion as a motion for judgment on the pleadings. In support of their argument, Plaintiffs cite a Ninth Circuit case and a Tenth Circuit case. Courts "'liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel.'" *Ganheart v. Xavier University of La.*, 347 Fed. Appx. 25, 26 (5th Cir. 2009) (citation omitted). In this case, the Court will evaluate Crump's motion in accordance with the standards of Rule 12(b)(6). Plaintiffs' motion is hereby DENIED.

_____
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE